IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALI MOHAMED, | : |
| | : Case No. 2:20-cv-05861 |
| **Plaintiff,** | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Chief Magistrate Judge Deavers |
| STRATOSPHERE QUALITY, LLC, | : |
| | : |
| **Defendant.** | : |

## OPINION & ORDER

This matter is before the Court on the Defendant's Motion to Dismiss and Second Motion to Dismiss (ECF Nos. 8, 17). Plaintiff Ali Mohamed opposes the Motion, which Defendant Stratosphere Quality moves to strike. (ECF Nos. 22, 23). Also pending before this Court are two Motions for Default Judgment filed by Mr. Mohamed (ECF Nos. 16, 24). For the following reasons, this Court **GRANTS** the Defendant's Second Motion to Dismiss (ECF No. 8), holds dismissal in abeyance for fourteen (14) days to allow Plaintiff the opportunity to amend his complaint, and **DENIES AS MOOT** all other pending motions (ECF Nos. 16, 17, 22, 23, 24).

### I. BACKGROUND

#### A. Factual Background

Plaintiff Ali Mohamed is a Black man who adheres to the Muslim faith. (ECF No. 1-1 at 1). He was also employed by Triad Company, who assigned him to work at Honda Manufacturing in Marysville, Ohio. (ECF No. 1-1 at 1). On August 6, 2019, he was assigned to work at Honda. (ECF No. 1-1 at 2). Then, on August 12, 2019, he was informed by Geraldine Wick, a team leader, that Honda had not hired him to work that day. (*Id.*). At that time, no reason was provided as to why Mr. Mohamed's assignment with Honda was terminated. (*Id.*). Mr. Mohamed asserts that Ms.

1

Wick has described employees from Triad as "convicted felons, rapists," and "stupid." (*Id.*). He thus believes that the termination of his assignment at Honda was discriminatory. (*Id.*).

On December 13, 2019, Mr. Mohamed filed a charge of discrimination with the Ohio Civil Rights Commission and the EEOC. (ECF No. 1-1 at 3). He alleged he was discriminated against based on his race, color, and religion. (*Id.*). In his charge of discrimination, he reiterated his belief that the termination of his assignment with Honda on August 12, 2019 was a discriminatory action based on his color, gender, and religion. (*Id.*). He also alleged that the only workers Ms. Wick accepted to work at the site were Caucasians, while the majority of Triad employees are Black. (*Id.*). The Black Triad employees were not given assignments and sent home. (*Id.*).

### B. PROCEDURAL BACKGROUND

Mr. Mohamed originally sought relief *pro se* in the Franklin County Court of Common Pleas. (ECF No. 1-1 at 1). He filed a complaint, alleging that he was discriminated against by Stratosphere Quality and stated that he is Black and of Muslim faith. (ECF No. 1-1 at 1–2). He did not specify under which law he was bringing a cause of action in the Franklin County Court of Common Pleas. On October 23, 2020, the Defendant filed a Motion to Dismiss for Failure to State a Claim in the Franklin County matter. (ECF No. 1-1 at 8). Stratosphere Quality argued that Mr. Mohamed had not alleged sufficient facts to support a claim under the Ohio Civil Rights Act, O.R.C. § 4112.02(A). (ECF No. 1-1 at 13).

On November 4, 2020, Mr. Mohamed filed a response to the Defendant's motion. (ECF No. 1-1 at 34). Within this response, he included the following statements: "Title VII of the Civil Rights Act of 1964 is a federal law that protects employees against discrimination based on race, color, national origin, sex, and religion." and "I have been violated my constitutional rights in

2

[T]itle VII of the Civil Right Act." (*Id.*). He also included further details about the alleged discriminatory conduct by Ms. Wick and his experience at Stratosphere Quality. (*Id.* at 34–36).

On November 11, 2020, Stratosphere Quality filed a notice of removal, alleging that Plaintiff's reference to Title VII in his state court response empowered this Court to exercise federal-question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1). On November 12, 2020, Mr. Mohamed's complaint was docketed. (ECF No. 3). That same day, the Defendant filed its first Motion to Dismiss for failure to state a claim, which was identical to the motion to dismiss filed in the Franklin County Court of Common Pleas. (ECF No. 17). On November 17, 2020, the Defendant sought an extension of time to respond to the Plaintiff's complaint, in which it noted that the Clerk of Court had deemed its original motion to dismiss mooted by removal. (ECF No. 4). This Court granted the motion and the pending Motion to Dismiss was filed on November 25, 2020. (ECF Nos. 6, 8). Mr. Mohamed did not file a response in opposition to the Motion to Dismiss, but did file a document including a response to the Defendant's Reply in Further Support of its Second Motion to Dismiss. (ECF Nos. 22).

While the Defendant's Second Motion to Dismiss was pending, the Plaintiff filed two Motions for Default Judgment, which Defendant opposed. (ECF Nos. 16, 19, 24). The Defendant also moves to strike one of Mr. Mohamed's filings, filed on January 25, 2021, which he filed in support of his own motion for default judgment and in response to the Defendant's reply in support of its own motion to dismiss. (ECF Nos. 22, 23). These matters are now ripe for this Court's consideration.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Likewise, under

3

Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). To survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, are sufficient "state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Although the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Hensley Mfg.*, 579 F.3d at 609 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). In short, the plaintiff's complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When a litigant is proceeding *pro se*, this Court holds his pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. LAW & ANALYSIS

Defendant Stratosphere Quality raises two arguments in support of its motion to dismiss. First, it asserts that Mr. Mohamed failed to exhaust his administrative remedies as required by Title VII. Second, it argues that Mr. Mohamed has not included factual allegations sufficient to state a claim for race discrimination.

#### A. Exhaustion of Administrative Remedies

To bring a claim of discrimination under Title VII, a plaintiff must first exhaust his administrative remedies with the EEOC. Generally, a plaintiff must file timely charges of employment discrimination with the EEOC and receive and act upon the EEOC's notice of the right to sue before alleging a violation of Title VII in federal court. *See Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003). The Defendant argues that, at the time Mr. Mohamed filed his complaint, he had not exhausted his administrative remedies. (ECF No. 8-1 at 4). According to Defendant, neither the Ohio Civil Rights Commission proceedings nor the EEOC proceedings were complete when Mr. Mohamed filed suit in the Franklin County Court of Common Pleas on September 16, 2020. (ECF No. 8-1 at 5). The OCRC dismissed the charge on October 22, 2020 and EEOC issued a Dismissal and Notice of Right to Sue on November 9, 2020. (*Id.*). Receipt of the right-to-sue letter from the EEOC is a necessary prerequisite to bring a Title VII suit in federal court. *See Thomas v. Haaland*, No. 1:19CV-157, 2021 WL 1554421, at *6 (W.D. Ky. Apr. 20, 2021) (citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989)); *see also Brown v. City of Cincinnati*, No. 1:18-cv-412, 2020 WL 3989169, at *5 (S.D. Ohio July 15, 2020) (citing *Puckett* and explaining that a Title VII plaintiff "must (1) timely file a charge of employment discrimination with the EEOC, and (2) receive and act upon the EEOC's right-to-sue letter").

At the time Mr. Mohamed filed his suit, he had not received his right-to-sue letter from the EEOC. This Court also notes that, at the time he filed his suit, he had not explicitly asserted that he was bringing a cause of action under Title VII. On November 4, 2020, he first raised the issue of Title VII in his response to the motion to dismiss in state court. On November 9, 2020, the EEOC dismissed his charge and issued the right to sue. By the time the defendant removed on November 11, 2020 and Mr. Mohamed's complaint was docketed with this Court, he had received his right-to-sue letter by the EEOC. This Court finds that he has exhausted his administrative remedies because he received his right-to-sue letter prior to the removal to this Court. In the alternative, this Court would consider the exhaustion issue moot and turn to the substantive merits of the motion to dismiss for purposes of judicial economy.

### B.    Failure to State a Claim Under Title VII

Title VII prohibits employment discrimination on the basis of an individual's race, color, religion, sex, or national origin. An unlawful employment practice includes the failure to or refusal "to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a). It also prohibits the limiting, segregating, or classifying of employees "in any way which would deprive or tend to deprive any individual of employment opportunities . . . because of such individual's race, color, religion, sex, or national origin." *Id.* Stratosphere Quality seeks dismissal of Mr. Mohamed's complaint because he did not allege that it terminated his assignment because of his race, religion, or gender. (ECF No. 8-1 at 6). Stratosphere Quality also notes that Mr. Mohamed failed to identify any white individuals who were given assignments or black individuals who were simultaneously sent home. (*Id.*). The Defendant further notes that Mr. Mohamed cannot cure any deficiencies in a complaint by including additional factual material in his response to a

motion to dismiss. (*Id.* at 6–7). Throughout his response and his other pleadings, Mr. Mohamed has included additional factual allegations, but has failed to amend his complaint itself with those other details pertaining to the alleged discrimination.

Stratosphere Quality removed this action to federal court once Plaintiff Ali Mohamed, in his response in opposition to a motion to dismiss in state court, recited the rights protected by Title VII of the Civil Rights of 1964 and asserted that his rights under this law had been violated. Before he filed this response, Mr. Mohamed had filed a sparse two-page complaint in the Franklin County Court of Common Pleas. In this Complaint and its sole exhibit, which remains the operative pleading, Mr. Mohamed made only the following allegations. First, he is Black and adheres to the Muslim faith. (ECF No. 3 at 1). Second, he was employed by Triad Company and assigned to work at Honda Manufacturing in Marysville, Ohio on August 6, 2019. (*Id.* at 1–2). Third, on August 12, 2019, he was told he was not needed to work at Honda by a team leader who gave no reason as to why. (*Id.* at 2). Fourth, the team leader had previously described Triad employees as convicted felons, rapists, and stupid. (*Id.*). Fifth, the only workers that the team leader accepted to work were Caucasians and that the majority of Triad workers were Black, not given assignments, and instead sent home. (*Id.* at 3). This concludes his factual allegations. He also alleged that he had been discriminated against, but this bare assertion is more akin to a "legal conclusion couched as a factual allegation," which this Court need not accept as true at this stage. *See Hensley Mfg.*, 579 F.3d at 609.

This Court is bound by the Federal Rules of Civil Procedure to consider only the operative complaint when testing the sufficiency of a motion to dismiss. The Defendant seeks dismissal of Mr. Mohamed's complaint because he did not allege that Stratosphere Quality terminated his assignment because of his race, religion, or gender. (ECF No. 8-1 at 6). Stratosphere Quality also

7

notes that Mr. Mohamed failed to identify any white individuals who were given assignments or Black individuals who were simultaneously sent home. (*Id.*). The Defendant further notes that Mr. Mohamed cannot cure any deficiencies in a complaint by including additional factual material in his response to a motion to dismiss. (*Id.* at 6–7).

When assessing the sufficiency of a complaint's factual allegations, the Sixth Circuit has noted that the "plausibility" standard in *Twombly* and *Iqbal* applies when analyzing discrimination claims. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012). A complaint need not present "'detailed factual allegations,' [but] must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense'" may draw a reasonable inference that a defendant discriminated against a plaintiff because of his race, color, religion, sex, or national origin. *Id.* (quoting *Iqbal*, 556 U.S. at 678–79). A complaint alleging a pattern or practice of discrimination and providing "several specific events" where a complainant was treated differently than similarly situated non-protected employees, identifying key supervisors and other relevant persons by race and name and/or title, and asserting that a member of a protected class received adverse employment consequences, despite satisfactory job performance, provided sufficient details to move it beyond merely possible to plausible. *See id.*; *see also Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (notice pleading satisfied where complaint "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination").

While Mr. Mohamed's complaint checks several of these boxes in form, it does not do so in substance. The complaint contains only bare assertions that do not allow this Court to make the inferential leap that the failure to provide him work on that day was because of race discrimination as opposed to any non-discriminatory reason. Mr. Mohamed does not plead in his complaint that

8

any other individuals were given assignments that day and does not provide the race or religions of those individuals, if they exist. A mere belief, with little else, cannot survive a motion to dismiss. *See El-Hallani v. Huntington Nat'l Bank*, 623 F. App'x 730, 735 (6th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678)) ("[F]actual allegations about discriminatory conduct that are based on nothing more than the plaintiff's belief are 'naked assertions devoid of further factual enhancement' that are insufficient to state a claim."); *see also Brown*, 2020 WL 3989169, at *7 (plaintiff failed to satisfy notice pleading where she "believed" discriminatory conduct was motivated by race and gender and that she would have been treated differently if she were a different race). It is just as plausible, on the face of Mr. Mohamed's complaint, that on the day he received no assignment, there were no assignments to be had. Mr. Mohamed need not plead facts to establish a prima facie case under Title VII, but he must, *in his operative complaint*, provide some more details as to the alleged discriminatory conduct to allow this Court to make the inference that the failure to provide him an assignment was plausibly related to his race and/or religion.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Second Motion to Dismiss (ECF No. 8) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**. Dismissal will be **HELD IN ABEYANCE** for **fourteen (14) days** to give Plaintiff the opportunity to amend his complaint and incorporate his factual allegations raised in his responses and motions for default judgment, which cannot be considered in assessing the sufficiency of his complaint itself.

Accordingly, Defendant's Motion to Dismiss (ECF No. 17), Plaintiff's Motions for Default Judgment (ECF Nos. 16, 24), and the Defendant's Motion to Strike (ECF No. 23) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATE:  July 26, 2021**