**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ALI MOHAMED,**

      **Plaintiff,**

                                         **Case No. 2:20-cv-5861**

**v.**                                 **Chief Judge Algenon L. Marbley**
                                         **Magistrate Judge Elizabeth P. Deavers**

**STRATOSPHERE QUALITY, LLC**

      **Defendant.**

## <u>ORDER</u>

This matter is before the Court for consideration of Plaintiff's Motion to Compel for Honda Manufacturing Plant and Plaintiff's Motion and Memorandum to Compel Responses to Subpoena Served to Third Party for Honda: or "MAP" or "HDMA". (ECF Nos. 47, 56.)  In both Motions, Plaintiff, proceeding without the assistance of counsel, seeks to compel the production of surveillance tapes pursuant to a subpoena served on third-party Honda Development & Manufacturing of America, LLC ("HDMA").  (*Id.*)  As Plaintiff affirmatively submits, however, HDMA already responded to the underlying subpoena and, without waiving its objection to the subpoena, notified Plaintiff that it "searched for but **located no video footage responsive to the subpoena**."  (*See* ECF No. 47 at PAGEID # 294; ECF No. 56-1 at PAGEID # 352 (emphasis added).)  Notwithstanding this, Plaintiff asks the Court to "overrule" HDMA's response and order HDMA to "recover the surveillance tapes."  (ECF No. 56 at PAGEID # 346.)

Plaintiff's Motions are not well taken.  Even assuming, *arguendo*, that the requested surveillance footage was relevant, the Court cannot compel HDMA to produce something that does not exist.  *Solly v. Mausser*, No. 2:15-CV-956, 2017 WL 4280935, at *2 (S.D. Ohio Sept.

27, 2017) ("The Court . . . cannot compel Defendants to produce documents that do not exist.") (citing *Miller v. Experian Info. Solutions, Inc.*, No. 3:13-cv-90, 2014 WL 5513477, at *2; *Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-00904, 2008 WL 4951792, at * 2 (S.D. Ohio Nov. 17, 2008) ("A party cannot be compelled to produce documents which do not exist or which it does not possess or control.")).  As Defendants correctly point out, "[o]rdinarily, the representation of a party's attorney that no documents exist is sufficient to defeat a motion to compel absent credible evidence that the representation is inaccurate . . . .  [I]f plaintiffs 'do not provide any evidence demonstrating that responsive documents do, in fact, exist and are being unlawfully withheld, their motion to compel must fail.'" *Cummerlander v. Patriot Preparatory Acad.*, No. 2:13-CV-0329, 2014 WL 12651258, at *8 (S.D. Ohio May 16, 2014) (quoting *Alexander v. F.B.I.*, 194 F.R.D. 299, 301 (D.D.C. 2000)).

Here, Plaintiff affirmatively admits that HDMA has searched for, but could not find, surveillance tapes responsive to Plaintiff's subpoena.  (ECF No. 47 at PAGEID # 292 (HDMA "searched and [found] no footage"); ECF No. 56 at PAGEID # 344 (same).)  Plaintiff nevertheless argues, however, that the short amount of time between Plaintiff's service of the underlying subpoena (on July 21, 2021) and HDMA's response (on July 27, 2021) was not sufficient for HDMA to search for the surveillance tapes.  (*See id.* ("[H]ow can somebody . . . search 2019 tapes in only four days that is not logic[al] for [a] reasonable man to belie[ve].").)

Because Plaintiff has provided nothing more than an unsupported conspiracy theory that HDMA is improperly withholding the requested surveillance tapes, the Court cannot accept this argument.  Rather, in the absence of credible evidence to the contrary, the Court must accept HDMA's representation that they do not have surveillance tapes responsive to Plaintiff's request. *Brown v. Warden Ross Corr. Inst.*, No. 2:10-CV-822, 2011 WL 1877706, at *5 (S.D. Ohio May

16, 2011) ("Defendants have represented that they do not have the information Plaintiff seeks. The Court cannot require them to produce what they do not have."); *see also Cummerlander*, 2014 WL 12651258, at *8 ("Plaintiffs make broad arguments alleging that [Defendant] is participating in gamesmanship in the discovery process, but they do not provide credible evidence that the representation by her counsel is inaccurate . . . . Consequently, plaintiffs' motion to compel Requests No. 5, 6, and 8 will be denied.").

For these reasons, Plaintiff's Motion to Compel for Honda Manufacturing Plant, ECF No. 47, and Plaintiff's Motion and Memorandum to Compel Responses to Subpoena Served to Third Party for Honda: or "MAP" or "HDMA," ECF No. 56, are **DENIED**.

**IT IS SO ORDERED.**


**Date: February 17, 2022**                     */s/ Elizabeth A. Preston Deavers*
                                                **ELIZABETH A. PRESTON DEAVERS**
                                                **UNITED STATES MAGISTRATE JUDGE**