# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MOHAMED ALI,** | : |
| | : |
| Plaintiff, | : |
| | : Case No. 2:20-cv-5861 |
| v. | : Chief Judge Algenon L. Marbley |
| | : Magistrate Judge Elizabeth P. Deavers |
| **STRATOSPHERE QUALITY, LLC ,** | : |
| | : |
| Defendant. | : |

## OPINION & ORDER

This matter is before this Court on Defendant Stratosphere Quality LLC's ("Stratosphere") Motion to Dismiss Amended Complaint. (ECF No. 45). For the following reasons, Defendant's Motion is **GRANTED**, and this case is hereby **DISMISSED**.

## I. BACKGROUND

Plaintiff Mohamed Ali, a Black, Muslim man, is employed by Triad Staffing ("Triad"), a temporary work agency. (ECF No. 41 at 1)[1]. On August 6, 2019, Triad assigned Plaintiff to work for Stratosphere at the Honda[2] Marysville Auto Plant (the "Marysville Plant"). (*Id.*). After arriving at the Marysville Plant on August 12, 2019, Project Supervisor Geraldine Wick, informed Plaintiff that Honda had not hired him to work that day. (*Id.*). Plaintiff believes the termination of his assignment at Honda was discriminatory, citing Ms. Wick's alleged description of employees from Triad as "convicted felons," "rapists," and "stupid." (*Id.* at 2). Thereafter, on December 13, 2019, Plaintiff filed charges of discrimination with both the Ohio Civil Rights Commission ("OCRC")

---

[1] As detailed below, this Court dismissed Plaintiff's initial Complaint (ECF No. 3) and granted him leave to file an Amended Complaint (ECF No. 43). In this Amended Complaint, however, Plaintiff does not recite the factual background of his action, but rather begins by asserting supplemental factual allegations. Accordingly, rather than citing to that initial Complaint, this Court cites to its previous Opinion and Order to establish the factual background of Plaintiff's claims.

[2] Honda Development & Manufacturing of America, LLC ("Honda") remains an interested party in this action, after successfully defeating Plaintiff's Motion to Compel. (*See* ECF No. 59).

1

and the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on race, gender, and religion. (*Id.*). Specifically, Plaintiff alleged Ms. Wick only accepted Caucasian workers from Triad and sent Black Triad workers home. (*Id.*). The OCRC took the lead in investigating the Charge and issued a "no probable cause" finding on June 4, 2020. (*Id*. at 5). The EEOC issued the same finding. (ECF No. 45-1 at 2, n. 2).

Plaintiff originally sought relief *pro se* in the Franklin County Court of Common Pleas, alleging Stratosphere discriminated against him, but did not specify the statutory basis for his claims. (ECF No. 41 at 2). After moving to dismiss in state court, on November 12, 2020, Defendant filed a Notice of Removal asserting Plaintiff's reference to Title VII in his response brief empowered this Court to exercise federal-question jurisdiction pursuant to 28 U.S.C. § 1331. (EFC No. 1). Thereafter, Defendant moved to dismiss.[3] (ECF No. 17). While that Motion was pending, Plaintiff filed two Motions for Default Judgement, which Defendant opposed. (ECF Nos. 16, 19, 24).

On July 26, 2021, this Court granted Defendant's Motion to Dismiss (ECF No. 8), but held the dismissal in abeyance for 14 days to allow the Plaintiff the opportunity to amend his complaint. (ECF No. 41). Therein, this Court directed Plaintiff to incorporate the factual allegations raised in his responses and motions for default judgment into his amended complaint and to provide more details of the alleged discriminatory conduct. (*Id*. at 9). This Court went so far as to suggest the types of facts Plaintiff could include in his amended complaint that would satisfy the pleading standard, including: whether other individuals were given assignments that day, the races or

---

[3] On November 17, 2020, the Defendant sought an extension of time to respond to the Plaintiff's complaint, in which it noted that the Clerk of Court had deemed its original motion to dismiss mooted by removal. (ECF No. 4). This Court granted that motion and returned that pending Motion to Dismiss to the docket on November 25, 2020. (ECF No. 6).

religions of those individuals, and any other specific instances where Defendant treated Plaintiff differently from other similarly situated Triad workers. (*Id*. at 8–9).

On August 3, 2021, Plaintiff filed timely his Amended Complaint. (ECF No. 43). Thereafter, on August 17, 2021, Defendant moved to dismiss the Amended Complaint for failure to state a claim. (ECF No. 45). Plaintiff did not respond to the Motion. On November 4, 2021, almost two months after the response deadline lapsed, Magistrate Judge Deavers ordered Plaintiff to show cause, within fourteen (14) days, why he should be granted leave to file an untimely response to Defendant's Motion to Dismiss. (ECF No. 46). On November 12, 2021, Plaintiff responded to the Court's Order, generally stating that he has post-traumatic stress disorder related to the events underlying this case, and that "[e]very time [he] receive[s] a letter from the defendant . . . the trauma flashes back to the events of post August 12, 2019." (ECF No. 48 at 2). Plaintiff represented that providing information throughout the discovery period has been an "emotional[ly] disturbing experience[.]" (*Id.*). Finding these allegations insufficient, on March 14, 2022, Magistrate Judge Deavers held that Plaintiff had failed to show good cause to permit an untimely response, and the Court would consider Defendant's Motion unopposed and ripe for judicial review. (ECF No. 61). Shortly after, seemingly in contravention of this Order, Plaintiff filed a Notice of supplementary facts regarding the events of August 12, 2018. (ECF No. 64). This Court addresses that filing below.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Likewise, under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual

3

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). To survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Although the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Hensley Mfg.*, 579 F.3d at 609 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). In short, the plaintiff's complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When a litigant is proceeding *pro se*, this Court holds his or her pleadings "to [a] less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.  LAW & ANALYSIS

Defendant argues Plaintiff has again failed to allege unlawful discrimination. (ECF No. 45-1 at 4–6). It maintains that Plaintiff has not identified any white individuals who were given

4

temporary assignments or black individuals who were similarly sent home, nor does he include any allegations to support an inference that his race, religion, or gender motivated Stratosphere to end his assignment. (*Id*. at 4). Rather, says Defendant, Plaintiff attempts to assert an entirely new theory: that Stratosphere terminated him because it thought he was another person. (*Id*.). Defendant argues that the additional facts supporting this new theory still fail to show it was biased against this mistakenly identified individual, let alone for any reason protected under Title VII. (*Id*. at 5). Ultimately, Defendant maintains dismissal is appropriate given Plaintiff's repeated failure to allege any facts that would allow this Court to conclude that its decision to end Plaintiff's temporary assignment had anything to do with a protected status. (*Id*. at 6).

When this Court granted Defendant's first Motion to Dismiss, it held that Plaintiff's initial complaint did not meet the plausibility standard set forth in *Twombly*. (ECF No. 41 at 9). In holding that dismissal in abeyance pending the filing of an amended complaint, this Court clearly directed Plaintiff to include facts that would allow him to meet *Twombly*'s plausibility standard. (*See id* at 9). Specifically, as Defendant highlights, this Court instructed Plaintiff to include facts on whether other individuals were given assignments that day, the races and religions of those individuals, as well as other specific instances where the Plaintiff was treated differently from other similarly situated employees. (*Id*. at 8). Provided with these additional facts, this Court would be better positioned to make the inference that the failure to provide Plaintiff an assignment was plausibly related to his race and/or religion. (*Id*. at 9). Despite this instruction, Plaintiff's Amended Complaint fails to cure the deficiencies of his initial Complaint.

Title VII prohibits employment discrimination on the basis of an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e2(a). An unlawful employment practice includes the failure to or refusal "to hire or to discharge any individual, or otherwise to discriminate against

any individual with respect to his compensation, terms, conditions, or privileges of employment." *Id*. It also prohibits the limiting, segregating, or classifying of employees "in any way which would deprive or tend to deprive any individual of employment opportunities . . . because of such individual's race, color, religion, sex, or national origin." *Id*.

The Amended Complaint does not present additional facts showing an "unlawful employment practice," or that Defendant "limit[ed], segregat[ed], or classif[ied]" any Triad workers based on a protected status. (*See generally* ECF No. 43). Rather, Plaintiff focuses on an entirely new theory for his termination—a case of mistaken identity. (*Id*. at 3–4). In Plaintiff's allegations of mistaken identity, he makes no reference to specific instances of discrimination, merely offering that his termination was due to retaliation intended for the "other Mohamed Ali." (*Id*. at 3). Plaintiff alleges "there was a big campaign, going on, to find [the] lost Mohamed Ali" and that Stratosphere "reach[ed] the conclusion to terminate me, because I became the other [M]ohamed Ali" it was looking for." (*Id*. at 3-4).

Plaintiff's new theory does not remedy the factual deficiencies of the dismissed complaint, as it does not present facts that allow this court to draw a reasonable inference of discrimination in violation of Title VII. As this Court previously held, a complaint alleging a pattern or practice of discrimination must provide "several specific events" where a complainant was treated differently than similarly situated non-protected employees, identifying key supervisors and other relevant persons by race and name and/or title, and asserting that a member of a protected class received adverse employment consequences, despite satisfactory job performance. (*See* ECF No. 41 at 7; *see also Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (notice pleading satisfied where complaint "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination")).

6

Without any such factual support, Plaintiff's amended complaint cannot survive a motion to dismiss. *See El-Hallani v. Huntington Nat'l Bank*, 623 F. App'x 730, 735 (6th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678)) ("[F]actual allegations about discriminatory conduct that are based on nothing more than the plaintiff's belief are 'naked assertions devoid of further factual enhancement' that are insufficient to state a claim."); *see also Brown v. City of Cincinnati*, No. 1:18-cv-412, 2020 WL 3989169, at *7 (S.D. Ohio July 15, 2020) (plaintiff failed to satisfy notice pleading where she merely "believed" discriminatory conduct was motivated by race and gender and that she would have been treated differently if she were a different race). Moreover, the one relevant fact Plaintiff does offer—that another Triad worker, Trina Corbin, was not sent home on August 12, 2019—is unhelpful as Ms. Corbin, a Black woman, is not a non-protected employee.

While this Court is not required to consider it, as it was untimely, Plaintiff's recently filed Notice (ECF No. 64) proves similarly unhelpful. Therein, Plaintiff describes the events of August 12, 2018, but again does not provide sufficient factual details. (*See generally id.*). He alleges he is a "helpless victim of discrimination and retaliation," but offers no factual support for this contention, let alone any that would allow this court to draw a reasonable inference of discrimination. (*Id.* at 4–5). The only substantive factual allegation Plaintiff offers is that Defendant allegedly "lied about [his] identity… lied about [his] vehicle… and lied about [the] arrival time of Trina Corbin." (*Id.*). As with those previously offered, this "naked assertion, devoid of further factual enhancement" does not suffice. *Iqbal*, 556 U.S. at 678. Ultimately, even with the lenient treatment afforded to *pro se* litigants, Plaintiff's allegations are not enough to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## IV.  CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss Amended Complaint (ECF No. 45) is **GRANTED**, and this case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  March 28, 2022**